UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID KING,

                          Plaintiff,                                    REPORT
                                                                          and
                    v.                                            RECOMMENDATION

LM INSURANCE CORPORATION,                              20-CV-1426JLS(F)

                          Defendant.
_____

APPEARANCES:        E. PETER PFAFF, ESQ.
                    Attorney for Plaintiff
                    673 Main Street
                    Suite 5
                    East Aurora, New York  14052

                    JAFFE & ASHER
                    Attorneys for Defendant
                    MARSHALL T. POTASHNER, of Counsel
                    600 Third Avenue
                    9th Floor
                    New York, New York  10016

## JURISDICTION

This case was referred to the undersigned by Honorable John L. Sinatra, Jr. on March 4, 2021, for all pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on Defendant's motion to dismiss (Dkt. 15) filed February 26, 2021.

## BACKGROUND

Plaintiff David King ("Plaintiff"), commenced this action challenging the denial of an insurance claim under a homeowner's insurance policy issued by Defendant LM Insurance Corporation ("Defendant"), for Plaintiff's residence.  On January 28, 2021,

Plaintiff, pursuant to a stipulation and with leave of the court, filed an amended

complaint (Dkt. 12) ("Amended Complaint").  Plaintiff asserts two claims for relief

including common law breach of contract, Amended Complaint ¶¶ 4-12 ("First Claim"),

and deceptive acts and practices in violation of N.Y. Bus. Law § 349 ("§ 349"), *id*. ¶¶ 13-

18 ("Second Claim").

On February 26, 2021, Defendant filed a motion pursuant to Fed.R.Civ.P.

12(b)(6) ("Rule 12(b)(6), seeking dismissal of the Second Claim for failure to state a

valid claim under § 349 (Dkt. 15) ("Defendant's Motion"), attaching the Declaration [of

Marshall T. Potashner, Esq.][1] in Support of Motion to Dismiss Amended Complaint (Dkt.

15-1) ("Potashner Affidavit"), with exhibits A and B (Dkts. 15-2 and 15-3), and LM

Insurance Corporation's Memorandum of Law in Support of Motion to Dismiss Amended

Complaint (Dkt. 15-4) ("Defendant's Memorandum").  On April 16, 2021, Plaintiff filed

Plaintiff's Memorandum in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss

Count II of the Amended Complaint (Dkt. 18) ("Plaintiff's Response").  On May 3, 2021,

Defendant filed LM Insurance Corporation's Memorandum of Law in Further Support of

Motion to Dismiss Amended Complaint (Dkt. 19) ("Defendant's Reply").  Oral argument

was deemed unnecessary.

Based on the following, Defendant's Motion should be GRANTED.


**FACTS**[2]

Plaintiff David Hill ("Plaintiff"), obtained from Defendant LM Insurance

Corporation ("Defendant"), a homeowner's insurance policy, specifically, Policy # 35-

---

[1] Unless otherwise indicated, bracketed material has been added.
[2] Taken from the Amended Complaint.

221-269497-40 8 0 ("the Policy"), for his residence located at 9587 West Hill Road in the town of Boston, New York ("the home" or "the insured premises").  On July 4, 2017, Plaintiff, in connection with divorce proceedings, moved out of the home, returning on May 25, 2019 when Plaintiff was awarded the home in connection with the matrimonial proceedings.  Upon returning to the home on May 25, 2019, Plaintiff discovered the home had been "extensively vandalized and that numerous items of his personal property, including a safe and its contents had been stolen."  Amended Complaint ¶ 6.  Further, "[i]tems of personalty which were left, such as a sofa, were severely damaged and rendered worthless."  *Id*.

On June 5, 2019, Plaintiff contacted Defendant about filing an insurance claim under the Policy for vandalism and theft at his home ("insurance claim") and met with Defendant's insurance adjusters to whom Plaintiff gave full access to his property.  Amended Complaint ¶¶ 7-8.  According to Plaintiff, Defendant's agents and employees "encouraged" Plaintiff to use his cell phone to take photos of damaged items and of damage to the insured property's structures, but advised Plaintiff did not need to obtain estimates of the damage; rather, Defendant would supply the damage estimates which Plaintiff would use to prepare his insurance claim.  *Id*. ¶ 9.  Plaintiff complied with Defendant's instructions and investigation including submitting to two days of questioning by Defendant's counsel, and providing Plaintiff's personal documents and information including, *inter alia*, a cellphone company statement detailing cellphone calls and texting activity.  *Id*. ¶¶ 10-11.

On September 4, 2019, Defendant sent Plaintiff a preprinted document titled "Homeowner Loss Information Sheet" ("Loss Information Sheet"), accompanied by a

letter from Defendant's Claims Handler ("Claims Handler's Letter"), advising Defendant would provide an estimate of damages to the insured premises' structures. Amended Complaint ¶¶ 14, 17. The Loss Information Sheet stated, "Your Claim Handler will complete an itemized estimate of your damages and give you a copy," *id*., which was consistent both with statements in the Claims Handler's Letter and the earlier statements Defendant's agents made to Plaintiff. *Id*. ¶¶ 14-15. At some unspecified time, Defendant also provided Plaintiff with a Proof of Loss form ("Proof of Loss form"), for which the accompanying instructions stated that "the insured should use the estimates provided by the insurance carrier as a guide in completing the Proof of Loss form." *Id*. ¶ 15.

Defendant requires the Proof of Loss form be completed as a prerequisite to processing an insurance claim. Amended Complaint ¶ 16. Despite representations made to Plaintiff by Defendants' agents, employees, and Claims Handler, as well as statements in the Loss Information Sheet and the Proof of Loss form, no itemized estimate of damages was forthcoming from Defendant. *Id*. ¶ 17. After months passed without receiving Defendant's estimates of loss, Plaintiff "belatedly completed a Proof of Loss form without the expected guidance of the insurance company's estimates and computations." *Id*. Defendant's failure to provide Plaintiff with timely estimates of the structural damage to his home rendered it more difficult for Plaintiff to prove the full amount of his insurance claim, delayed Plaintiff's submission of the Proof of Loss form, thereby "delaying the perfection of his claim of loss and the eventual decision on that

claim."[3]  *Id*. ¶ 18.  Further, the delay caused Plaintiff to incur increased attorney fees because of the additional time required to assist Plaintiff with completing the Proof of Loss form.  *Id*. Defendant disclaimed all liability under the Policy and refused to pay anything on Plaintiff's insurance claim.[4]  *Id*. ¶ 11.

## DISCUSSION

1.    **Motion to Dismiss**

Defendant moves to dismiss Plaintiff's Second Claim alleging a violation of N.Y. Bus. Law § 349 ("§ 349").  A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting longstanding precedent of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  As such, the Supreme Court requires application of "a 'plausibility standard . . . .'"  *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Twombly*, 550 U.S. at 570, and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). On a motion to dismiss under Rule 12(b)(6), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff.  *Goldstein v. Pataki*, 516

---

[3] Although Plaintiff fails to particularize the exact reason for Defendant's denial of Plaintiff's claim, a fair inference from Plaintiff's allegations suggests it was related to Plaintiff's delay in submitting the Proof of Loss form.

[4] Other than describing the insurance claim as "belatedly submitted" and completed without the necessary damage estimates that Defendant never provided, Plaintiff does not allege the reason Defendant gave for denying the insurance claim.  Nor did Plaintiff include a copy of Defendant's notice to Plaintiff advising the insurance claim was denied from which the court could construe why Defendant denied the insurance claim.  Although Defendant argues that coverage was denied based on a determination of fraud, Defendant's Memorandum at 6; Defendant's Reply at 7, which disclaimer would render the issue of Defendant's failure to timely provide the loss estimates irrelevant to the Second Claim, because the matter is before the court on a motion to dismiss pursuant to Rule 12(b)(6), the court does not consider Defendant's asserted reason for denying the insurance claim.

F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'  *Id.* (quoting *Twombly*, 550 U.S. at 557)

A Rule 12(b)(6) motion is addressed to the face of the pleading.  "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the [pleading], documents attached to the [pleading] as exhibits, and documents incorporated by reference in the [pleading]."  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the [claimant]."  *Trustees of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  "While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [claimant]'s obligation to provide the grounds of his entitle[ment] to relief requires more than labels

6

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

In the instant case, Plaintiff's Second Claim alleges a violation of N.Y. Bus. Law § 349 which provides in relevant part that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Bus. Law § 349(a). To establish a *prima facie* case under § 349(a), "a plaintiff must allege "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 258 (2d Cir. 2021). "Section 349 does not grant a private remedy for every improper or illegal business practice, but only for conduct that tends to deceive consumers." *Schlessinger v. Valspar Corp.,* 991 N.E.2d 190, 193 (N.Y. 2013). "As a threshold matter, in order to satisfy General Business Law § 349 plaintiffs' claims must be predicated on a deceptive act or practice that is 'consumer oriented'" *Gaidon v. Guardian Life Ins. Co. of Am.,* 725 N.E.2d 598, 604 (N.Y. 1999) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 647 N.E.2d 741, 744 (N.Y. 1995)).

In the instant case, Plaintiff's Second Claim alleging a violation of § 349 asserts that Defendant, by first instructing Plaintiff to await Defendant's calculation of damages which Plaintiff was to include on the Proof of Loss form to submit in connection with Plaintiff's claim, and then failing to timely provide Plaintiff with such damages calculation, caused Plaintiff to untimely submit his claim which did not include a calculation of damages provided by Defendant, resulting in Plaintiff's claim being denied. These allegations sufficiently allege the second two factors for a *prima facie*

case, *i.e.*, that Defendant's conduct in advising Plaintiff to refrain from completing the Proof of Loss form and submitting the insurance claim until after Defendant provided the estimated loss to Plaintiff to include on the Proof of Loss form, and then failing to provide Plaintiff with the loss figures caused Plaintiff to submit the requisite forms late and without including the loss figures, resulting in Defendant denying the insurance claims as untimely.  The allegations, however, fail to establish the first factor requiring the challenged act be consumer oriented.

In particular, because § 349 "was intended to 'afford a practical means of halting consumer frauds at their incipiency without the necessity to wait for the development of persistent frauds,'" *Oswego Laborers' Local 214 Pension Fund*, 647 N.E.2d at 744 (citing Mem. of Governor Rockefeller, 1970 N.Y. Legis.Ann., at 472-73), a plaintiff alleging a violation of § 349 need not allege "a repetition or pattern of deceptive behavior."  *Id*.  Nevertheless, the alleged deceptive conduct "must have a broad impact on consumers at large; '[p]rivate contract disputes unique to the parties * * * would not fall within the ambit of the statute.'"  *New York University v. Continental Ins. Co.,* 662 N.E.2d 763, 770 (N.Y. 1995) (quoting *Oswego Laborers' Local 214 Pension Fund*, 647 N.E.2d at 745).  "A '[p]rivate contract dispute[ ] unique to the parties ... would not fall within the ambit of the statute.'"  *O.K. Petroleum v. Travelers Indem. Co.*, 2010 WL 2813804, at *5 (S.D.N.Y. July 15, 2010) (brackets in original) (quoting *DePasquale v. Allstate Ins. Co.,* 179 F.Supp.2d 51, 61–62 (E.D.N.Y.2002), *aff'd*, 50 Fed. Appx. 475 (2d Cir.2002)).  In *O.K. Petroleum*, the plaintiffs alleged that "the practices complained of are part of a systemic program aimed at the policyholders generally, having an impact on insurance consumers at large," but failed to allege any facts supporting such

argument, considered "speculative" by the court. *Id*. Significantly, the plaintiffs alleged

that the defendant insurance company, in violation of § 349, "employed the alleged

deceptive practices of inordinate delays, unilateral changing of contract terms, and

denial of benefits to other insureds who possessed these form policies." *Id*. (internal

citations and brackets omitted). Because the plaintiffs alleged no facts to support such

speculative argument, the district court dismissed the claim for failing to state a claim.

*Id*.

 In the instant case, not only has Plaintiff failed to allege any facts plausibly

supporting that Defendant's delay in providing the insurance loss estimates prevented

Plaintiff from including such estimates in a timely submitted insurance claim, but Plaintiff

does not even allege that such conduct is part of Defendant's practices which "are part

of a systemic program aimed at the policyholders generally, having an impact on

insurance consumers at large. . . ." *O.K. Petroleum*, 2010 WL 2813804, at *5.

Accordingly, Plaintiff's allegations, even liberally construed, at best show a private

contract dispute over policy coverage and the processing of Plaintiff's insurance claim

filed with Defendant, not conduct affecting the consuming public at large, and thus do

not plausibly state a cause of action under § 349. *See New York Univ.,* 662 N.E.2d at

770. Defendant's Motion seeking dismissal of Plaintiff's Second Claim for failure to

state a claim should be GRANTED.

## 2.    Dismissal Without Prejudice

 The dismissal of a plaintiff's claims for failure to state a claim is generally without

prejudice and with leave to replead, although "[w]here it appears that granting leave to

amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to

amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  Here, the problems with Plaintiff's Second Claim, as pleaded, are not substantive such that further pleading cannot cure them and, thus, would not be futile.

Accordingly, the dismissal of Plaintiff's Second Claim should be without prejudice and with leave to replead.

## **CONCLUSION**

Based on the foregoing, Defendant's Motion (Dkt. 15) should be GRANTED; Plaintiff's Second Claim should be DISMSSED for failure to state a claim; such dismissal should be without prejudice and with leave to replead.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:       June 23rd, 2022
             Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.


                                        /s/ *Leslie G. Foschio*
                        _____
                                LESLIE G. FOSCHIO
                        UNITED STATES MAGISTRATE JUDGE


DATED:        June 23rd, 2022
              Buffalo, New York

11