UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DAVID KING,

                Plaintiff,

  -against-

LM INSURANCE CORPORATION,

                Defendant.
----------------------------------------------------------x

Civil Action No.:
1:20-CV-01426-JLS-LGF

**DECLARATION IN SUPPORT OF MOTION TO COMPEL DEPOSITION AND EXTEND FACT DISCOVERY DEADLINE**

        **GLENN P. BERGER,** pursuant to 28 U.S.C. § 1746, declares as follows under the penalties of perjury:

        1.     I am Senior Counsel with JAFFE & ASHER LLP, attorneys for defendant LM INSURANCE CORPORATION ("LM Insurance"); as such, I am fully familiar with the facts and circumstances set forth herein.

        2.     I submit this declaration in support of LM Insurance's motion for an Order pursuant to Fed. R. Civ. P. 37(a), compelling non-party Maria L. Michalik to comply with a subpoena and appear for a remote deposition in this matter. A further extension of the fact discovery deadline until after the hearing and determination of this motion is also requested. Plaintiff's counsel stated that he would consent to compelling Ms. Michalik to appear for deposition only if she is first subjected to an additional appearance in this Court to explain her non-appearance, a condition that appears unproductive and unnecessarily punitive under the circumstances.

        3.     This action was commenced against LM Insurance by plaintiff David King ("King") with respect to a claim for insurance arising out of damage to King's residence at 9587 West Hill Road, Boston, NY (the "Premises") in May 2019.

## Motion to Compel

4.      Maria L. Michalik ("Michalik") is King's ex-spouse, who at the time of the alleged loss was in the process of vacating the Premises pursuant to Court Order in King's and Michalik's matrimonial action (see Exhibit "A"). Ms. Michalik was reportedly at the Premises on May 25, 2019 and reported the damage to law enforcement authorities at that time. She is therefore a material witness in this action.

5.      On February14, 2024, a subpoena was served upon Michalik by Guaranteed Su0bpoena Service, Inc., a process service agency (the "Subpoena") by personal delivery to her daughter Jade Lounsbury. A true and correct copy of the Subpoena together with the affidavit of service is annexed hereto as Exhibit "B." The Subpoena called for Michalik to appear for the taking of her deposition and to produce documents.

6.      As ser forth in my accompanying Declaration of Good Faith (the "Good Faith Dec."), Michalik acknowledged receipt of the Subpoena and asserted that the documents requested were in the possession of her former matrimonial counsel, Michael Stachowski, Esq. Accordingly, a separate subpoena dated March 20, 2024 was issued upon Mr. Stachowski's office. A true and correct copy of the subpoena upon Mr. Stachowski's office is annexed hereto as Exhibit "C."

7.      Mr. Stachowski's office produced some documents, and claimed that it was not in possession of any of the other documents requested. Accordingly, I contracted Ms. Michalik to reschedule her deposition. Ms. Michalik expressed trepidation about having to testify against her ex-husband, stating that he had made threats, mostly conveyed through their daughters, leaving her concerned for her safety. See Good Faith Dec., ¶ 7. Nevertheless, a mutually available date

of June 25, 2024 was agreed upon. As set forth more fully in the Good Faith Dec., I confirmed the date and time by email to Ms. Michalik's daughter Jade Lounsbury (Ms. Michalik having told me that she has no email address of her own), and by regular mail to Ms. Michalik herself. See Good Faith Dec., ¶ 7, Exh. "D."

8. On June 24, 2024, I spoke with Ms. Michalik, who, through tears, again expressed deep concern and despair about having to appear for deposition due to fear of retribution by her ex-husband, King. Good Faith Dec., ¶ 8. Nevertheless, Ms. Michalik agreed that she would appear for the deposition the following day, June 25, 2024, as scheduled.

9. On June 25, 2024, notwithstanding her assurance that she would appear, Michalik failed to appear for the deposition. As set forth in my Good Faith Dec., I tried to reach her by phone that morning, but she did not answer and an automated message was received indicating that her voice mailbox was full. Accordingly, a record of the default was made on the transcript of the deposition at approximately 10:30 that morning.[1]

10. Accordingly, an Order should be entered by this Court compelling Michalik to appear for deposition on the date and time determined by the Court. Ms. Michalik herself suggested that a Court Order compelling her to testify may allay fears of repercussions for her cooperation. If Michalik is being threatened or intimidated as she claims, an Order would make it clear that her testimony is compelled and not being given voluntarily.

11. LM Insurance proceeds by Order to Show Cause so that the Court may direct the method of service of this motion upon Ms. Michalik.

## Request for Extension of Fact Discovery Deadline

---

[1] The transcript of the record of default made has not yet been received, as the deposition took place only yesterday.

3

12. The current deadline for completion of fact discovery is July 1, 2024. Prior requests to extend the fact discovery deadline were made by joint motions dated March 7, 2024 (ECF Doc. #43) and May 10, 2024 (ECF Doc. # 46), and were granted by Amended Scheduling Orders (ECF Docs. #45 and 48, respectively).

13. The fact discovery deadline was most recently extended to enable the parties to complete non-party discovery, including, *inter alia*, a deposition of a Deputy from the Erie County Sheriff's Office, the aforementioned production of documents from Ms. Michalik's former matrimonial counsel, and the taking of Ms. Michalik's deposition. Except for Ms. Michalik's deposition, all of the foregoing has been completed, leaving only this deposition as the single remaining outstanding item of fact discovery.

14. It is anticipated that the deadline for dispositive motions may have to be adjusted commensurately, depending on the timetable to complete Ms. Michalik's deposition.

15. No prior request has been made for the relief sought herein.

**WHEREFORE**, LM Insurance Corporation respectfully prays that this Court enter an order compelling Maria L Michalik to appear for a remote deposition on a date and time determined by the Court, and extending pretrial deadlines to the extent necessary to enable the deposition to be completed, together with such other relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 26, 2024, in White Plains, New York.

_____
GLENN P. BERGER