UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DAVID KING,

                 Plaintiff,

-against-

LM INSURANCE CORPORATION,

                 Defendant.
-------------------------------------------------------x

Civil Action No.:
1:20-CV-01426-JLS-LGF

**DECLARATION OF GOOD FAITH IN SUPPORT OF MOTION TO COMPEL DEPOSITION AND EXTEND FACT DISCOVERY DEADLINE**

        **GLENN P. BERGER,** pursuant to 28 U.S.C. § 1746, declares as follows under the penalties of perjury:

        1.     I am Senior Counsel with JAFFE & ASHER LLP, attorneys for defendant LM INSURANCE CORPORATION ("LM Insurance"); as such, I am fully familiar with the facts and circumstances set forth herein.

        2.     I submit this declaration in support of LM Insurance's motion for an Order, pursuant to Fed. R. Civ. P. 37(a)(1) and L. Civ. R. 7(d)(3), compelling non-party Maria L. Michalik ("Michalik") to comply with a subpoena and appear for a remote deposition. I attempted to gain the consent of Plaintiff's counsel, E. Peter Pfaff, Esq., but he stated that he would consent to compelling Ms. Michalik to appear for deposition only if she is first subjected to an additional gratuitous appearance in this Court to explain her non-appearance, a condition that appears superfluous and unnecessarily punitive under the circumstances. See Exhibit "E."

        3.     This action was commenced against LM Insurance by plaintiff David King ("King") with respect to a claim for insurance arising out of damage to King's residence at 9587 West Hill Road, Boston, NY (the "Premises") in May 2019.

4. Michalik is King's ex-spouse, who at the time of the alleged loss was in the process of vacating the Premises pursuant to Court Order in King's and Michalik's matrimonial action. See Exhibit "A." She reportedly was the one who discovered the damage at the Premises and reported it to law enforcement authorities. She is therefore a material witness in this action.

5. On February 14, 2024, a subpoena was served upon Michalik by Guaranteed Subpoena Service, Inc., a process service agency (the "Subpoena"). A true and correct copy of the Subpoena together with the affidavit of service is annexed hereto as Exhibit "B." The Subpoena called for Michalik to appear for the taking of her deposition on March 12, 2024 and to produce documents.

6. On or about March 7, 2024 I spoke with Ms. Michalik by telephone. She acknowledged receipt of the Subpoena but expressed fear of retribution from her ex-husband, King, if he learned that we were speaking. Ms. Michalik also asserted that the documents requested were in the possession of her former matrimonial counsel, Michael Stachowski, Esq. Accordingly, we agreed to adjourn the deposition while I issued a separate subpoena upon Mr. Stachowski's office for those documents. A true and correct copy of the subpoena upon Mr. Stachowski's office is annexed hereto as Exhibit "C."

7. Mr. Stachowski's office produced some documents, and claimed that it was not in possession of any of the other documents requested. Accordingly, I called Ms. Michalik again to reschedule her deposition. Ms. Michalik again expressed trepidation about having to testify against her ex-husband, stating that he had made threats, mostly conveyed through their daughters, leaving her concerned for her safety. However, I explained that the deposition was necessary but that I would accommodate her schedule to the maximum extent possible, within the bounds of court deadlines. Ultimately, a mutually available date of June 25, 2024 was agreed

upon. Ms. Michalik stated that she has no computer or email address, but that she would borrow a laptop for the deposition, and authorized me to communicate with her through her daughter's email. Accordingly, I sent confirmation of the date and time by email to Ms. Michalik's daughter and by regular mail to Ms. Michalik herself. See Exhibit "D."

8. On June 24, 2024, I called Ms. Michalik, who, in tears, once again expressed deep concern and despair about having to appear for deposition, due to fear of retribution by her ex-husband. Nevertheless, Ms. Michalik agreed that she would appear for the remote deposition the following day, June 25, 2024, as scheduled, and I forwarded her the Zoom link therefor.

9. On June 25, 2024, notwithstanding her assurance that she would appear, Michalik failed to appear for the deposition. When she failed to appear, I attempted to reach her by telephone three times between 10:05 and 10:28 that morning, but she did not answer and each time an automated message was received indicating that her voice mailbox was full. Accordingly, a default was noted on the transcript of the deposition at approximately 10:30 that morning.

10. Accordingly, despite our good faith efforts, Ms. Michalik has failed to comply with a duly-served subpoena and appear for a duly-noticed deposition.

**WHEREFORE**, it is respectfully requested that this Court grant defendant LM Insurance Corporation's motion in its entirety.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 26, 2024, in White Plains, New York.

_____
GLENN P. BERGER