UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| DAVID KING, | **CERTIFICATION OF CONTEMPT** |
| Plaintiff, | ---------------------- |
| v. | **ORDER TO SHOW CAUSE** |
| LM INSURANCE CORPORATION, | |
| Defendant. | 20-CV-1426-JLS(F) |

_____

APPEARANCES:   E. PETER PFAFF, ESQ.
Attorney for Plaintiff
673 Main Street, Suite 5
East Aurora, New York  14052

JAFFE & ASHER
Attorneys for Defendant
GLENN P. BERGER,
MARSHALL T. POTASHNER, of Counsel
600 Third Avenue, 9th Floor
New York, New York  10016

## JURISDICTION

On March 4, 2021, the Hon. John L. Sinatra, Jr., referred this case to the undersigned for all non-dispositive and dispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and (C).  It is presently before the court on Defendant's motion for contempt against Non-Party Maria L. Michalik ("Ms. Michalik" or "Michalik") pursuant to Fed.R.Civ.P. 45(g) ("Rule 45(g)") based on Ms. Michalik's failure to comply with Defendant's February 13, 2024 Rule 45 subpoena *ad testificandum* ("the February 13, 2024 subpoena") and the undersigned's Decision and Order, filed October 3, 2024 (Dkt. 55) ("the October 3, 2024 D&O" or "the D&O"), directing Ms. Michalik to appear for an oral deposition.

## BACKGROUND AND FACTS[1]

This action was commenced on October 5, 2020 by Plaintiff seeking damages arising from Defendant's failure to provide insurance coverage for losses stemming from damage to Plaintiff's property which occurred at Plaintiff's former residence in the Town of Boston, New York in May 2019.  According to Defendant, Ms. Michalik, Plaintiff's former wife, was in the process of vacating Plaintiff's residence at the time of the alleged damage to Plaintiff's property and, as such, is a material witness.  Defendant's denial of coverage arises from Defendant's belief that Plaintiff was responsible for the alleged loss to his property.  *See* Defendant's Answer (Dkt. 38) at 4. Defendant initially served, on February 14, 2024, Ms. Michalik with a subpoena pursuant to Fed.R.Civ.P. 45(c)(1)(B) ("the Rule 45 subpoena") that required her appearance at Defendant counsel's law office in White Plains, New York ("the Rule 45 subpoena" or "Defendant's subpoena").  *See* Dkt. 49-4 (Exh. B at 9).  Defendant's subpoena also requested Ms. Michalik produce certain documents.  In a telephone call with Ms. Michalik, who is unrepresented, in which Ms. Michalik acknowledged service of the Rule 45 subpoena, Michalik informed Defendant's attorney, Glenn P. Berger, Esq. ("Glenn Berger" or "Berger"), that the requested documents were in the possession of her divorce proceeding attorney.  Based on Ms. Michalik's representation, Berger adjourned the deposition in order to serve Ms. Michalik's attorney with a Rule 45 subpoena *duces tecum*, with the result several of the requested documents were produced to Defendant.  Defendant then rescheduled Ms. Michalik's deposition, with Ms. Michalik's agreement, to June 25, 2024, by remote means, via Zoom, and advised Ms. Michalik by letter dated June 18, 2024 (Dkt. 49-6) of the new

---

[1]  Taken from the pleadings and papers filed in this action.

June 25, 2024 deposition date.  Berger Declaration (Dkt. 58-1) ¶ 6; (Dkt. 49-1) ¶ 7.  Despite Berger contacting Ms. Michalik by phone on June 24, 2024 to confirm her deposition scheduled for the next day, in which conversation Ms. Michalik agreed to appear for the scheduled deposition, Ms. Michalik failed to appear for the deposition as scheduled.  Several phone calls by Berger failed to ascertain Ms. Michalik's whereabouts at that time.  As a result of Ms. Michalik's failure to appear for her Rule 45 deposition in compliance with Defendant's subpoena on June 26, 2024, Defendant served Ms. Michalik, pursuant to Fed.R.Civ.P. 37(a) (Dkt. 49) with a motion for an order compelling Ms. Michalik comply with the Rule 45 subpoena.  Defendant's motion to compel (Dkt. 49) was mailed to Michalik on June 27, 2024 (*see* Affidavit of Service (Dkt. 51)).  The court's Text Order requiring responses to Defendant's motion by July 8, 2024 was served by the Clerk of Court and by Defendant on Ms. Michalik by United States Postal Service (*see* Dkts. 50 and 51), however, Ms. Michalik failed to move to quash the subpoena or oppose Defendant's motion.

In a Decision and Order filed October 3, 2024 (Dkt. 55) ("the October 3, 2024 D&O"), the undersigned granted Defendant's motion and directed Michalik appear at a deposition at the office of a certified court reporter in Buffalo, New York, at Defendant's expense, the deposition to be conducted remotely by electronic means at a mutually convenient time but no later than within 30 days of the October 3, 2024 D&O.  *See* October 3, 2024 D&O (Dkt. 55) at 4.  The October 3, 2024 D&O also informed Ms. Michalik that failure to comply with the D&O is punishable by contempt of court in accordance with Rule 45(g).  *Id.*  The October 3, 2024 D&O further directed that a copy of the D&O be served on Ms. Michalik at her home address, 691 Mineral Springs Road,

3

Buffalo, New York, 14224, by United States Postal Service. The Clerk of Court indicated the copy of the D&O sent to Ms. Michalik at her home address was not returned as undeliverable.

Defendant's instant motion was filed November 15, 2024 (Dkt. 58) and included a proposed Order to Show Cause For An Order Of Contempt ("Proposed Order to Show Cause"), the Declaration in Support of Motion For Contempt of Glenn P. Berger [Esq.] dated November 15, 2024, together with Berger Declaration Exh(s). A – M (Dkts. 58-2 – 14), and LM Insurance Corporation's Memorandum of Law In Support of Motion For Contempt (Dkt. 58-15). Defendant's Proposed Order To Show Cause indicates Defendant's motion was not served on Ms. Michalik, instead requesting the court direct service upon Michalik at her home address. *See* Dkt. 58 at 1-2. According to Defendant, Berger attempted to contact Michalik by letter dated October 11, 2024, ("the October 11, 2024 Letter") sent by Federal Express, requesting she propose a convenient date for the required deposition. *See* Berger Declaration (Dkt. 58-1) ¶ 8. At Berger's request, Federal Express confirmed delivery to Michalik of the October 11, 2024 Letter. *See* Berger Declaration Exh. B (Dkt. 58-3). Receiving no response to his October 11, 2024 Letter, Berger, on October 21, 2024 ("the October 21, 2024 Letter"), sent a second letter to Michalik informing her that in the absence of any contrary communication from her, Defendant had selected October 31, 2024, as the date for Michalik's deposition in accordance with the October 3, 2024 D&O's direction, and providing instructions as to the name and location of the court reporter who would record the deposition and the date, October 31, 2024, and time, 10:00 a.m., of the deposition. Berger also reminded Michalik that Michalik's former husband, Plaintiff, had been instructed not to attend her deposition

4

as a way to obviate her fear of possible intimidation that could be caused by his presence. *Id.*  Berger also reminded Michalik of the potential for a finding of contempt pursuant to Rule 45(g) and an award of Defendant's attorney fees, and possible fines, should she again fail to appear for the deposition as directed by the October 3, 2024 D&O.  *Id.*  Federal Express also confirmed delivery of Berger's October 21, 2024 Letter to Michalik. *See* Berger Declaration Exh. G (Dkt. 58-8).  Again, as with the October 11, 2024 Letter, Berger received no response from Michalik to the October 21, 2024 Letter.  In the October 21, 2024 Letter to Michalik, Berger advised Michalik the deposition would be conducted by Regus Business Systems, Suite 1400, 50 Fountain Plaza, Buffalo, New York.  On October 30, 2024, Berger left a voice message at Michalik's telephone number requesting that she confirm to him her intention to appear at the deposition scheduled for the next day, October 31, 2024.  *See* Berger Declaration (Dkt. 58-1) ¶ 10.  Berger also sent an e-mail to Michalik at an e-mail address that her daughter had recently provided to Berger reminding Michalik of the scheduled deposition to the same effect.  *Id*. ¶ 10.  Notwithstanding Berger's efforts to obtain Michalik's compliance with the October 3, 2024 D&O, Michalik failed to appear at the deposition.  *See* Berger Declaration Exh. L (Dkt. 58-13).  As indicated in the transcript of the deposition, Peter Pfaff, Esq., Plaintiff's attorney, also appeared.  *See* Berger Declaration (Dkt. 58-1) at 58-13.

## DISCUSSION

A request for contempt pursuant to Fed.R.Civ.P. 45(g) ("Rule 45(g)") for failure to comply with a subpoena issued pursuant to Rule 45(a)(1)(B), commanding a non-party's attendance at a deposition, requires the moving party establish by clear and convincing

evidence that (1) the subpoena sets forth an unambiguous command, (2) the alleged contemnor violated that command, (3) the command was significant, *i.e.*, the alleged contemnor did not substantially comply with the subpoena, and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *See* Steven Baicker-McKee & William M. Janssen, FEDERAL CIVIL RULES HANDBOOK 1016 n. 135 (Thompson-Reuters 2024) (citing caselaw). A finding of willfulness is not required. *Paramedics Electromedicina Comerial Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) ("Proof of willful noncompliance [with court order] is not required." (bracketed material added)). Similarly, where contempt is sought for an alleged, as here, failure to comply with a court order "[a] party may be held in civil contempt of a court order if (1) the order is clear and unambiguous, (2) proof of noncompliance is also clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *See S.E.C. v. Durante*, 641 Fed.Appx. 73, 76 (2d Cir. 2016).

As required by 28 U.S.C. § 636(e)(6)(B)(iii) ("§ 636(e)(6)(B)(iii)"), where an alleged civil contempt arises in connection with a magistrate judge's exercise of authority granted by a district judge pursuant to 28 U.S.C. § 636(a) or (b), the magistrate judge is required by certify the facts constituting the alleged contempt to a district judge. The statute further provides that the magistrate judge may also serve the alleged contemnor with an order to show cause to the district judge why such "person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6)(B)(iii). As Judge Sinatra's referral order to the undersigned was pursuant to § 636(b)(1)(A) and (B), see Dkt. 16, enforcement of Defendant's subpoena, served February 24, 2024 on Michalik, and Defendant's motion to compel Michalik's deposition (Dkt. 49) are both non-dispositive

6

matters, *see Peterson v. Katonah Lewisboro Sch. Dist.*, 2014 WL 3891253, at * 1 (S.D.N.Y. June 27, 2014 (order compelling nonparty's compliance with subpoenas was non-dispositive); *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 734 F. Supp. 1071, 1080 (S.D.N.Y. 1990) (stating the plaintiff's motion to compel deposition testimony "is nondispositive since it would not resolve the substantive claims for relief alleged in the pleadings."), thereby requiring the magistrate judge to file a certification of contempt if the magistrate judge determines there are grounds for such a sanction. *See Chautauqua Com. Park, LLC v. Main St. Am. Assurance Co.*, 2023 WL 6541371, at *2 (W.D.N.Y. Oct. 6, 2023) ("Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) . . ., when analyzing a civil contempt before a magistrate judge exercising authority granted by a district judge under 28 U.S.C. § 636(a) or (b), the magistrate judge is required to certify the facts concerning such putative contempt to a district judge."). Defendant's instant motion for contempt is therefore within the scope of § 636(e)(6)(B)(iii). Upon receiving the magistrate judge's certification, the district judge is required to determine whether the evidence supports finding the alleged contemnor, Ms. Michalik, to be in contempt of the subpoena or the related court order so as to warrant punishment and, if so, to "punish said person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.*

Here, the evidence clearly and convincingly demonstrates Ms. Michalik is in contempt of both the Defendant's February 13, 2024 subpoena as well as the October 3, 2024 D&O. Initially, the subpoena required Plaintiff to appear for a deposition and provide certain documents on March 12, 2024. *See* Dkt. 49 at 49-4. Upon a conversation with Michalik, in which Michalik acknowledged receipt of the subpoena, Berger was advised

7

by Michalik that the documents requested by Defendant were in the possession of Michalik's divorce attorney, Defendant's attorney, Glenn Berger, adjourned the deposition and proceeded to obtain the documents from Michalik's divorce attorney. Berger subsequently rescheduled Michalik's deposition, with Michalik's agreement, to June 25, 2024, using remote means, via Zoom. *See* October 3, 2024 D&O at 2 (referencing Berger Declaration (Dkt. 49-2) ¶¶ 2, 8); Berger Declaration (Dkt. 49-6) (Defendant's Exh. D) at 3 (Letter of June 18, 2024 to Ms. Michalik from Glenn P. Berger, Esq. stating that Defendant would provide the Zoom link to Michalik and confirming Michalik's verbal agreement to appear for the June 25, 2024 deposition). As the undersigned found in the October 3, 2024 D&O, despite Defendant's attorney having contacted Michalik by phone call on June 24, 2024 to confirm her appearance at the scheduled deposition the next day, Michalik failed to appear at the deposition. *See* October 3, 2024 D&O at 2.

As a result, Defendant moved on June 26, 2024, pursuant to Fed.R.Civ.P. 37(a) to compel Ms. Michalik to appear at a rescheduled deposition. Dkt. 49. Michalik did not object to the Rule 45 subpoena or the rescheduled June 25, 2024 deposition date pursuant to Fed.R.Civ.P. 45(d)(3), nor did Michalik oppose Defendant's motion to compel. *See* Background and Facts, *supra*, at 3. The court notes that to accommodate Michalik's purported concern that her former husband's (the Plaintiff in this action) presence at the deposition would be discomforting to Michalik, Plaintiff's counsel agreed that Mr. King would not be present at the deposition. *See* October 3, 2024 D&O at 3 (referencing (Dkt. 54) ¶ 5). In granting Defendant's motion, the court directed Michalik to comply with the Rule 45 subpoena by appearing at the rescheduled deposition to be scheduled and conducted within 30 days at a mutually convenient date and time. *See* October 3, 2024

8

D&O at 4.  The court further directed that a copy of the D&O be served on Michalik at her home address by United States Postal Service.  *Id.*  The record does not indicate such copy was returned to the court as undeliverable.  As discussed, *see* Background and Facts*, supra*, at 4-5, following the filing of the D&O, Defendant, by Defendant's October 11, 2024 Letter, attempted, without success, to solicit Michalik for proposed dates within the court established 30-day period for her deposition.  However, because Michalik failed to respond to Defendant's October 11, 2024 letter, Defendant selected October 31, 2024 as the date for the deposition and notified Michalik of this date by letter dated October 21, 2024 which letter also informed Michalik to appear at the court reporter's office at 10:00 a.m. on October 31, 2024 for the deposition.  As with Defendant's October 11, 2024 letter, Michalik also failed to respond to Defendant's October 21, 2024 Letter.   On October 30, 2024, the day before the October 31, 2024 deposition date, Berger attempted without success to contact Michalik by telephone but left a voice message on Michalik's cellphone requesting her to confirm her appearance at the deposition; however, Berger received no response to his message.  Berger Declaration (Dkt. 58-1) ¶ 10.  As noted, *see* Background and Facts, *supra,* at 5, Michalik failed to appear for the October 31, 2023 deposition.

      Based on the foregoing, it is recommended that the evidence demonstrates clearly and convincingly that Maria L. Michalik should be found in contempt of both the Defendant's Rule 45 subpoena and the October 3, 2024 D&O.  Specifically, Michalik agreed to the rescheduling of the March 12, 2024 date for her deposition as stated in Defendant's June 18, 2024 Letter to Michalik.  *See* Berger Declaration (Dkt. 49-6) Exh. D at 3.  Thus, the subpoena, as amended with Michalik's agreement, unambiguously

9

required her to appear for an oral deposition to be conducted remotely on June 25, 2024, but she failed, without excuse, to do so.  Nor does the record indicate Michalik made any effort to comply with the subpoena, such as by communicating with Defendant regarding the rescheduling of the June 25, 2024 deposition or the scheduling of the court directed deposition date, thereby demonstrating her failure to comply was significant.  By the same token, the record also supports a finding that Michalik failed to make any reasonable or diligent effort to comply with the October 3, 2024 D&O.  Based on these facts, the District Judge should find Ms. Michalik to be in civil contempt because of her failure to comply with the February 13, 2024 subpoena requiring Ms. Michalik's appearance at her deposition rescheduled with her agreement to June 25, 2024.

The same analysis applies with respect to Michalik's failure to comply with the court's October 3, 2024 D&O.  The court's unambiguous order required Michalik to provide an oral deposition at a mutually agreeable time but not later than 30 days of the D&O.  *See* Dkt. 55 at 4 ("Michalik's deposition shall be conducted by remote electronic means by a certified court reporter at such reporter's office in Buffalo, New York, at Defendant's expense, and at a mutually convenient time within 30 days of this Decision and Order.") (underlining in original).  By failing to communicate with Defendant during October 2024 as to a mutually convenient date and time for her deposition, a result of her apparent indifference to the court's order, Defendant was obliged to schedule the deposition for October 31, 2024 to maintain compliance with the court's order.  Despite attempts by Defendant to communicate with Michalik, by the October 21, 2024 Letter and a voice-message on October 30, 2024, to obtain her compliance with the court's order, Michalik again failed to appear for her deposition as scheduled in accordance with the

court's order.  The record further supports a finding that Michalik could easily have communicated with Defendant in agreeing to a convenient date for the court directed deposition but refused to do so.

The record thus demonstrates by clear and convincing evidence Michalik's obdurate refusal to comply with this court's order, and amply supports a finding that Michalik failed to make any effort to diligently and reasonably comply with an unambiguous court order.  As such, Michalik has shown she should be found to be in civil contempt of the court's October 3, 2024 D&O.  When confronted with similar refusals of a non-party to comply with a validly issued Rule 45 subpoena or court order, courts have found such non-parties in civil contempt.  *See Freund v. Weinstein*, 2010 WL 11627325, at * 2-3 (E.D.N.Y. Feb. 2, 2010) (certifying to the District Judge, pursuant to 28 U.S.C. § 636(e), that the facts, including the non-party witness's repeated failure to appear for a scheduled deposition and also failing to comply with a court order directing the non-party witness to contact the plaintiff's attorney to reschedule the deposition, supported ordering the non-party witness to show cause why he should not be found in contempt); *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (finding non-party who failed either to object or to respond to validly-issued Rule 45 subpoena in civil contempt and imposing sanctions).

## CONCLUSION

Based on the foregoing, Defendant's motion (Dkt. 58) for contempt pursuant to § 636(e)(6)(B)(iii) and for expenses incurred in connection with Defendant's motion, as required by Rule 37(a)(5)(A), should be GRANTED.  Ms. Marie L. Michalik is hereby

11

directed to show cause before Hon. John L. Sinatra, Jr., on December 13, 2024 at 9:00 a.m. in the Chautauqua Courtroom, 8th Floor East, at the U.S. District Court for the Western District of New York, 2 Niagara Square, Buffalo, New York, why said Marie L. Michalik should not be held in civil contempt in accordance with the law.  The Clerk of Court shall serve a copy of this Certification of Contempt and Order to Show Cause, together with a copy of Defendant's motion (Dkt. 58) on Ms. Marie L. Michalik at 691 Mineral Springs Road, Buffalo, New York, 14224-1021 by United States Postal Service, First Class mail.

SO ORDERED with Respect to Order to
Show Cause

/s/ *Leslie G. Foschio*
_____
          LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted with respect to the
Certification of Contempt,

/s/ *Leslie G. Foschio*
_____
          LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  December 5, 2024
            Buffalo, New York